IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN D. KING, | Civil Action |
| Plaintiff, | No. |
| v. | |
| WAYNE CROUSE, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Brian D. King, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act (ADA) , in that:

   a. Plaintiff filed a timely written charge of disability discrimination and retaliation with the Equal Opportunity Employment Commission on January 27, 2017 and cross filed with the Pennsylvania Human Relations Commission soon thereafter.

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated July 31, 2017; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff, Brian D. King, is an individual who resides at 2700 West Hardies Road, Gibsonia, PA 15044.

4. Defendant, Wayne Crouse, Inc., is a corporation with its primary place of business at 3370 Stafford Street, Pittsburgh, PA 15204.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §§ 12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

## III. Factual Background

6. King was employed by Defendant as a laborer from March 2016 until December 16, 2016.

7. King suffers from asthma, a physical impairment that substantially limits his ability to perform major life activities, including without limitation breathing.

8. When King was hired by Defendant, he informed it that he suffers from asthma.

9. Moreover, in April 2016, King suffered a stroke.

10. King informed Defendant he had a stroke and missed four days of work for his stroke.

11. Thereafter, in November 2016, lead was discovered on Defendant's job-site.

12. Due to the lead, Defendant told King that he and his coworkers would need to wear respirators on the job.

13. In order to wear respirators, Defendant's employees were required to pass a "fit test," that Defendant scheduled to take place on the job site on or around December 7, 2015.

14. After King filled out a medical questionnaire for the "fit test," he was told by the fitting professionals that due to his asthma and stroke he could not take the "fit test," but needed to take a "pulmonary test" first.

15. Thereafter, on or around December 16, 2016, King went to Defendant's medical provider, Concentra, for his "pulmonary test." After filling out a medical questionnaire, King was told he could not wear a respirator due to his asthma and stroke.

16. Both King and Concentra informed Defendant that due to King's disabilities, he was unable to wear a respirator on the job.

17. Defendant told King that there was other work available for him that did not require him to wear a respirator.

18. However, about a week later on December 16, 2016, Defendant fired King.

19. Defendant told King he was fired due to a reduction in force.

20. However, King was replaced on his job site by someone who is able to wear a respirator.

## Count I
**Americans with Disabilities Act: Discrimination and Failure to Accommodate**

21. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully restated herein.

22. As described above, King is an individual with disabilities.

23. King was qualified for his laborer position, and could perform all essential functions of the position with reasonable accommodations. Thus, King was a qualified individual with a disability under the ADA, 42 U.S.C. §12111(8).

24. Defendant fired King from his laborer position because of his disability, in violation of the ADA, 42 U.S.C. § 12112(a).

25. Defendant also refused to make reasonable accommodations for King, in violation of the ADA, 42 U.S.C. §12112(b)(5)(A).

26. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of King's federally protected right to be free of discrimination on the basis of his disability.

27. As a direct and proximate result of Defendant's illegal and discriminatory actions, King has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

    a. Back pay and benefits from the time Defendant refused to accommodate King, until the time of trial, with interest;

    b. An injunction precluding Defendant from discriminating or retaliating against King in any manner prohibited by the Americans with Disabilities Act;

    c. Either reinstatement or front pay.

    d. Compensatory damages for King's emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of King's federally protected rights;

  f. A reasonable attorneys fee and costs and expenses of litigation; and

  g. Such other legal and equitable relief as the Court deems just and proper.

**Count II**
**Americans with Disabilities Act: Retaliation**

28. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 27 as if fully restated herein.

29. Defendant fired King in retaliation for requesting a reasonable accommodation under the ADA, in the form of being able to continue to work without the use of a respirator, in violation of 42 U.S.C. §12203(b).

30. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of King's federally protected right to be free of discrimination on the basis of his disability.

31. As a direct and proximate result of Defendants' illegal and discriminatory actions, King has suffered and continues to suffer damages, including but not limited to:

  a. Lost wages and benefits;

  b. Emotional distress, anxiety, humiliation and inconvenience;

  c. Costs and expenses of litigation; and

  d. Attorneys fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

  a. Back pay and benefits from December 16, 2016, until the time of trial, with interest;

  b. An injunction precluding Defendants from discriminating or retaliating against King in any manner prohibited by the Americans with Disabilities

    Act;

c. Either reinstatement or front pay;

d. Compensatory damages for King's emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendants' reckless disregard of King's federally protected rights;

f. A reasonable attorneys fee and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

            Respectfully submitted,

            **Samuel J. Cordes & Associates**

            /S/ Samuel J. Cordes
            Samuel J. Cordes
            Nicholas A. Krakoff

            Pa.I.D. #54874 (Cordes)
            Pa.I.D. #318890 (Krakoff)

            245 Fort Pitt Boulevard
            Pittsburgh, PA 15222
            (412) 281-7991

            Attorneys for Plaintiff